## Mikanowicz Unemployment Compensation Case.

Argued March 7, 1955. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (GUNTHER, J., absent).

*T. G. Wadzinski,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Herbert B. Cohen,* Attorney General, for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is an unemployment compensation case in which the claimant, Helen M. Mikanowicz, has appealed from the refusal of benefits by decision of the Unemployment Compensation Board under section 402(b) of the Act, 43 PS sec. 802(b).

The referee, affirmed by the Board, refused benefits to claimant on the ground that she voluntarily left her work without good cause. Hearings were held by the referee and by the Board, and while the testimony is somewhat meager and confusing, it indicates the following events:

Claimant was employed as a general office worker for the Lazarus Store in Nanticoke for approximately 13 months. On September 4, 1953, a Friday on which the store remained open until 9 p.m., the claimant received a telephone call from the auditor criticizing one of the book entries she had made on a store report.

Claimant became upset, left the office and went to the ladies' lounge crying. She remained in the lounge until a fellow employee, sent by the manager, Mr. Wood, asked her to return to her duties. She acceded to this request, went back to her post and waited on one customer. Claimant then returned to the ladies' lounge. Thereafter she conversed with Wood, who, in response to the question, "You also told her that if she was leaving that she could not come back?" answered, "I said, 'You know I need somebody in this office.' I said, 'Stay and get to work.' She said, 'Does that mean I'm fired?' I said, 'Don't leave. If you do I have to get somebody.' She said, 'Am I fired?' I said, 'No, there is your work, get back to it.' She said, 'Then I quit', and she walked out." The next day claimant did not return to work and the employer obtained the services of another girl. Claimant thereafter did not contact her employer to see if work was available, but rather applied for unemployment compensation benefits.

Admittedly the claimant left her employment voluntarily. She was offered the opportunity of staying on the job but chose to leave. The sole issue then is whether she left with good cause. The burden of establishing good cause was upon her. *Seroskie v. Unemployment Compensation Board of Review,* 169 Pa. Superior Ct. 470, 82 A. 2d 558.

Claimant contends that her upset mental and emotional condition resulting from the reprimand concerning the book entry was such "necessitous and compelling" reason for leaving that it constituted "good cause". This Court has recognized that physical and mental conditions, personal and family problems, may, under proper circumstances, exert sufficient pressure upon a worker to compel his decision to leave his employment. *Sturdevant Unemployment Compensation*

*Case,* 158 Pa. Superior Ct. 548, 45 A. 2d 898. We have limited the application of this principle, however, to cases where the pressure of circumstances is "real, not imaginary, substantial not trifling, reasonable not whimsical". *Sturdevant Unemployment Compensation Case,* supra. Claimant's conduct in leaving for the purported reasons must meet the test of ordinary and reasonable common sense and prudence, and good faith. *Kaylock v. Unemployment Compensation Board of Review,* 165 Pa. Superior Ct. 376, 67 A. 2d 801. We agree with the Board that the emotional upset of claimant here falls short of this test. The reprimand concerning the book entry was nothing more than can be reasonably expected in the course of employment. There is no evidence that claimant was threatened with dismissal or some other dire consequences because of the alleged error. The emotional upset, which she claims resulted from this criticism, appears to have been unreasonable and expanded all out of proportion from its ordinary course.

The claimant, therefore, has not met her burden, and since there is sufficient competent evidence to support the Board's findings, they are binding upon us. Section 510 of the Unemployment Compensation Act, 43 PS sec. 830.

Decision affirmed.