## Beam Unemployment Compensation Case.

Argued November 16, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*August C. Damian,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *David Stahl,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY MONTGOMERY, J., December 14, 1961:

This is an appeal from the decision of the Unemployment Compensation Board of Review affirming the decisions of the Bureau and the Referee that the claimant was disqualified from receiving benefits under the provisions of section 402(b)(1) of the Unemployment Compensation Law, on the ground that she voluntarily terminated her employment without cause of a necessitous and compelling nature.

The claimant was last employed by Blakeley and Company, Incorporated, Pittsburgh, Pa., as a general office worker. Her last day of employment was August 10, 1960. The Board found that following a reprimand by her superior, who accused her of loafing, the claimant became angry, and the superior advised the claimant that if she did not like it, she could leave. Claimant denies this and alleges that the superior fired her as of August 12, 1960. The claimant did not report to work on August 11, but later in the day discussed the matter with the vice president, who suggested she return to work on August 15, but the claimant refused.

Claimant alleges that the record shows she did not leave voluntarily, but was discharged. However, the Board found otherwise, and since such finding is supported by competent testimony, it is binding upon this Court. *Davis Unemployment Compensation Case,* 187 Pa. Superior Ct. 116, 144 A. 2d 452.

The construction of the law in this case applicable to the facts as found by the Board, is ruled by *Mikanowicz Unemployment Compensation Case,* 178 Pa. Superior Ct. 612, 115 A. 2d 846, in which it was held that

emotional upset over a reprimand imposed by the employer does not constitute cause of a necessitous and compelling nature for voluntary termination of employment.

Decision affirmed.