Bernard Yasgur, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

**34**

Submitted on briefs September 11, 1974, to Judges KRAMER, MENCER and BLATT, sitting as a panel of three.

*Frank Carano,* with him *Carano and Kunken,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, December 3, 1974:

In March of 1972 Bernard Yasgur (claimant) was hired by R. E. Harris Associates (employer) as a bookkeeper. From time to time during the months that followed, he assumed additional office responsibilities including the implementation of his own ideas to improve the efficiency of the employer's business. The owner of the business, William Beisel (owner), however, concluded that these new ideas were not working out satisfactorily, and, on the evening of November 30, 1972, he criticized them in the presence of the claimant and reprimanded him for being behind in his paper work. The owner testified that after he had finished criticizing the claimant on that evening, the claimant announced that he was leaving. The owner testified that he him-

self had then replied: "If this is what you want, then go." The claimant on the other hand testified that his own reaction to the owner's reprimand had been to say: "If you want me to leave, why don't you just say so," to which the owner had allegedly replied, "Yes."

The claimant applied for unemployment compensation benefits which were denied by the Bureau of Employment Security on the ground that his unemployment was due to his voluntarily leaving work without cause of a necessitous and compelling nature.[1] The claimant appealed this decision and after a hearing it was affirmed by a referee and then by the Unemployment Compensation Board of Review (Board). Subsequently the claimant requested that his claim be reconsidered and this request was granted by the Board. A second hearing was, therefore, held before another referee and again benefits were denied by him and on appeal by the Board. An appeal to this Court then ensued.

The claimant argues that the Board erred in its finding that he had voluntarily terminated his employment, and the testimony in this record is admittedly contradictory as to the events of November 30, 1972. In unemployment compensation proceedings such as these, however, the credibility of witnesses, the weight of testimony and reasonable inferences to be drawn from such testimony are for the Board to consider. *Philadelphia Coke Division, Eastern Associated Coal Corporation v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 37, 293 A. 2d 129 (1972). Findings of the referee or Board, if supported by substantial evidence and in the absence of fraud, shall be conclusive, and the scope of review of an appellate court is confined to questions of law. *Stalc v. Unemployment*

---

[1] The claimant was thus disqualified under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

*Compensation Board of Review,* 13 Pa. Commonwealth Ct. 131, 318 A. 2d 398 (1974). We must, therefore, accept the finding of the Board here that the claimant voluntarily terminated his employment, for that finding is adequately supported by the owner's testimony. It is clearly not for this Court to evaluate the credibility of that testimony, as the claimant would have us do.

The claimant also argues that, even if he did leave work voluntarily, it was because of the owner's constantly abusive conduct. It is well established that an individual who has voluntarily terminated his employment assumes the burden of showing that such termination was with cause of a necessitous and compelling nature. *Tollari v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 589, 309 A. 2d 833 (1973). The finding of the Board here that the claimant had not met that burden was adequately substantiated. The owner testified here that he was dissatisfied with the claimant's procedural innovations, and both of them agree that the owner made his feelings very clear on the evening of November 30. It has previously been held that an emotional upset over a reprimand imposed by the employer does not as a rule constitute "cause of a necessitous and compelling nature." *Beam Unemployment Compensation Case,* 196 Pa. Superior Ct. 570, 176 A. 2d 165 (1961). While, of course, a reprimand could sometimes be so abusive as to constitute such cause, the evidence here does not point undeniably to any such conclusion, and the Board as fact finder has decided that the claimant did not sustain his burden of proof. We must, therefore, affirm the the Board's adjudication.

Accordingly, we issue the following

### ORDER

Now, December 3, 1974, the Order of the Unemployment Compensation Board of Review dated November 1, 1973 is hereby affirmed.