Dennis R. Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Donald E. Speice,* with him *Benton, Ratchford & Consiglio,* for appellant.

*Reese Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 18, 1978:

Dennis R. Smith (Appellant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determi-

nation that he had been properly discharged for willful misconduct and was therefore rendered ineligible for benefits by the provisions of Section 402(e) of the Unemployment Compensation Law[1] (Act).

Prior to his discharge, the Appellant had been employed as manager of a branch office for twenty-four (24) years by the Mid State Bank & Trust Company (Bank). In 1973, the Bank had issued a memorandum ordering that officers and employees of the Bank should not serve in a fiduciary capacity for any estate or individual other than in instances involving members of their immediate families. In 1974, however, the Appellant had acquired the power of attorney for an individual who was not a member of his immediate family, and in 1975, when the President of the Bank became aware of this fact, he directed the Executive Vice-President to remind the Appellant of the Bank's policy and the Appellant was then informed that he would have to relinquish immediately his power of attorney. He did not comply.

One year later, on March 25, 1976, the Appellant was told by the President that he was in violation of Bank policy and must at once relinquish the power of attorney. Four days after that, on March 29, 1976, he notified the President that a Rev. Martin now held this power of attorney which he had relinquished as directed. The same information was given by the Appellant on April 5, 1976 to the Vice-President of the Bank. Later that same day, however, Rev. Martin called the President to inform him that a new power of attorney had been executed naming the Appellant's wife as the fiduciary representative of the individual who had originally given a power of attorney to the Appellant and later to Rev. Martin. The Appellant was discharged two days later on April 7, 1976. At

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

no time did the Appellant advise the Bank of his wife's appointment. He applied for unemployment compensation benefits arguing that his discharge was unjustified, but the Bureau of Employment Security disapproved the application on the basis that his discharge was the result of willful misconduct and that he was therefore rendered ineligible for benefits under Section 402(e) of the Act, 43 P.S. §802(e). He argued that the individual giving the power of attorney had chosen to give it to his wife, and thus he saw no violation on *his* part in that individual's action. The referee affirmed the Bureau's determination, as did the Board. In appealing here, the Appellant argues that his actions did not constitute willful misconduct.

Although the term "willful misconduct" is not defined in the Act, this Court on numerous occasions has defined it to be the willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect from his employees, or negligence which manifests culpability, wrongful intent, or evil design, or showing an intentional and substantial disregard of the employer's interest or the employee's duties. *Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977). The Board maintains that the Appellant's actions in refusing to relinquish the power of attorney for such a substantial period of time and in finally merely releasing it, to a third party who immediately released it to the Appellant's wife, must be viewed as a deliberate attempt on his part to circumvent the employer's rules and policy and that such a failure to comply with the letter and purpose of such constitutes willful misconduct.

An examination of the record reveals that the purpose of the Bank's rule was to avoid direct conflict

between an employee-fiduciary representative and the Bank's own trust department whose function was to handle such matters. The Appellant was aware of this rule and policy and was also aware his actions violated this policy. Whether or not his conduct was in "good faith" as he claims is a matter of credibility for the fact-finder to resolve. *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974). There is substantial evidence in the record to support the conclusion that under these circumstances, the Appellant's conduct exhibited a disregard of the standards of behavior which the Bank had the right to expect of him as well as a violation of the Bank's well known rule. As a matter of law, this constitutes willful misconduct within the purview of Section 402(e) of the Act, 43 P.S. §802(e), and we must, therefore, affirm the Board's denial of benefits.

ORDER

AND Now, this 18th day of April, 1978, the order of the Unemployment Compensation Board of Review, No. B-137768, dated December 3, 1976, on the above-captioned matter, is hereby affirmed.