Season All Industries, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Henry J. Wallace, Jr.,* with him *Donald B. Heard,* and *Reed, Smith, Shaw & McClay,* for appellant.

*John Kupchinsky,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., March 14, 1979:

This is an appeal by petitioner (employer) in which the Bureau of Employment Security (Bureau) and the referee refused benefits to the claimant on the ground he voluntarily left work under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] On appeal, the Unemployment Compensation Board of Review (Board) found the claimant was discharged by his employer and awarded benefits. We affirm.

Claimant had worked for approximately five years as a design engineer (last earning a salary of $8,700 annually) for the employer which is engaged principally in the business of the design, manufacture and sale of storm windows and doors. When the dispute

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

leading to his termination arose, claimant was subject to a patent and confidential information agreement effective August 28, 1972, which he signed April 3, 1974 whereby the claimant agreed to disclose to the employer all inventions and improvements conceived by him "during working hours, or on the premises of Employer" and all inventions "relating to the business of Employer" and further to execute all necessary patents pursuant thereto, excepting certain items the employee claimed as of the date of the agreement and incorporated therein.[2] On June 16, 1977, the employer offered a new agreement which proposed the employee agree to disclose "all inventions, discoveries and improvement . . . conceived or made by Employee during the period of employment and relating to the business or activities of the Company" and to execute all necessary patents. The claimant, who had plans to build his own solar home and patent the developments relating to its construction, consulted his lawyer and proposed an addendum to the new agreement which would have excluded inventions or discoveries not related to the business activity of the employer, specifically "housing for new construction [and] any and all inventions related to solar energy and new construction windows." The employer refused to accept the addendum. The claimant refused to sign the agreement without it. On his last day of work, claimant was given the choice of signing the agreement as proposed by the employer or being terminated. Upon this evidence the referee concluded the claimant had voluntarily terminated his employment. The Board reversed, finding specifically that claimant was discharged.

---

[2] This agreement, titled "Salary Employment Notification," does not indicate that the claimant reserved to himself any ideas or inventions at that time.

The employer now argues that the Board erred in its conclusion that the claimant did not voluntarily terminate his employment within the meaning of Section 402(b)(1) of the Law.

The issue of whether one has voluntarily left work is ultimately one of law; however, the resolution of that question must necessarily turn on the underlying facts as found by the compensation authorities. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). At this juncture, the findings of the Board, as the ultimate factfinder, are conclusive if supported by substantial evidence, giving to the party who prevailed before the Board the benefit of every inference which can logically and reasonably be drawn from the record. *Caperila Unemployment Compensation Case,* 200 Pa. Superior Ct. 357, 188 A.2d 759 (1963).

In this case, the Board made a specific finding that claimant was discharged when he refused to sign the new patent agreement without the addendum he proposed. Claimant throughout these proceedings has maintained he was discharged and he testified that he was willing to work under the old patent agreement previously executed. Further, it was his uncontradicted testimony that on his last day of work he was told by his superior to "clear out your desk and leave." The only evidence in the record supporting the employer's allegation of a voluntary quit are the employer's separation notice submitted to the Bureau and the testimony of the employer representative before the referee, who admitted he had no first hand knowledge of the separation and was able to state only that claimant's payroll record showed that claimant's supervisor indicated that he had "quit." That the Board chose to accept claimant's version of the separation was a decision wholly within the Board's discretion as the factfinder.

On the pure legal conclusion of discharge, the employer relies on the fact that claimant refused to sign knowing his refusal would result in dismissal and that therefore claimant became unemployed "through his own fault." But this case is no different than any other in which claimant refuses to comply with a directive of his employer and is dismissed as a result. This Court has repeatedly held in similar circumstances that what may constitute just cause for dismissal does not constitute "voluntarily leaving work" under Section 402(b)(1). *See Hutt v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 57, 367 A.2d 390 (1976).

While the burden of proof in voluntary quit cases places the laboring oar on the claimant initially, once the claimant shows actual discharge, it must be determined whether the claimant's conduct constituted willful misconduct within the meaning of Section 402 (e) of the Law, 43 P.S. §802(e). This Court has held that an employee must abide by any reasonable changes in the terms and conditions of employment since such conduct constitutes a standard of behavior an employer has a right to expect. *See Unemployment Compensation Board of Review v. Homsher,* 21 Pa. Commonwealth Ct. 576, 347 A.2d 340 (1975). However, where an employee shows good cause for his action or acts reasonably under the circumstances his conduct cannot be considered a breach of the standards an employer has a right to expect of his employee. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

Here, the record is devoid of any explanation by the employer as to why the employer insisted that the claimant sign a new patent agreement. On the other hand, it was claimant's uncontradicted testimony that he explained his reason for objecting to the new patent agreement to his supervisor, two vice presidents and

the president of the company, offered the addendum, and also told these individuals he would be willing to continue working under the patent agreement which he signed on April 3, 1974. Moreover, a reading of the pertinent provisions of the two agreements[3] indicates the employer was proposing a substantial change in the terms and conditions of employment. Given the Broad and encompassing language of the proposed agreement, we are unable to conclude that claimant's response to it was unreasonable.

Accordingly, we will enter the following

----

[3] By the agreement dated April 3, 1974 the claimant promised (1) To promptly and fully disclose to Employer . . . (a) all inventions and improvements conceived or originated or developed by Employee during working hours, or on the premises of Employer . . . and (b) all inventions and improvements conceived or originated or developed by Employee before the final termination of Employee's Employment, relating to the business of Employer or any of its subsidiary or affiliated companies.

(2) [T]o execute all instruments necessary to patent said inventions or to carry into effect any of the provisions of this agreement. It is agreed that the attached sheet discloses all ideas or inventions which Employee claims at the date of this agreement, and that if no sheet is hereto attached, no such claim is made by Employee hereunder.

The proposed agreement substituted the following:

Employee shall disclose promptly to the Company . . . any and all inventions, discoveries and improvements, whether patentable or not, conceived or made by Employee during the period of employment and relating to the business or activities of the Company and hereby assigns and agrees to assign all of his interests therein to the Company. . . . Whenever requested to do so by the Company, Employee shall execute any and all applications, assignments or other instruments which the Company shall deem necessary to [obtain patents] or otherwise to protect the Company's interests therein. These obligations shall continue beyond the termination of employment with respect to inventions, discoveries and improvements, whether patentable or not, conceived or made by Employee during the period of employment. . . .

ORDER

AND Now, March 14, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-149542, dated Sepember 19, 1977, is hereby affirmed.