George S. Bowman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 16, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Pamela Pershing,* with her *William H. Peoples,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge MacPhail, February 1, 1980:

George Bowman (Claimant) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order affirming a decision of the Bureau, now Office, of Employment Security, denying Claimant unemployment compensation benefits. The referee found that Claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature[1] and, therefore, was ineligible to receive benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(b)(1). The only issue raised by Claimant is whether the Board erred in affirming his ineligibility for benefits on the basis of voluntary termination. We hold that it did not err and, accordingly, we affirm the Board's order.

In a voluntary termination case, the burden of proving a right to compensation rests with the Claimant, and if Claimant asserts that his leaving employment was *not* due to a voluntary termination, the burden of proving that point also lies with him. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 525-26, 367 A.2d 366, 369 (1976). Where, as here, the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence.

---

[1] The Bureau of Employment Security originally had denied benefits to Claimant on the basis that he had been dismissed from his employment because of willful misconduct pursuant to Section 402(e) of the Law, 43 P.S. §802(e). Although affirming the Bureau's order, the referee did so on the basis of a voluntary termination.

*Pease v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 299, 302, 397 A.2d 449, 451 (1979). Whether an employee voluntarily terminates his or her employment or is discharged is a question of law. *Rettan v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 287, 290, 325 A.2d 646, 647 (1974). Of course, questions of credibility, resolution of conflicts in the evidence presented, and a determination of the weight to be given the evidence are matters for the Board to determine. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 427, 376 A.2d 314, 315 (1977).

Claimant here was last employed by Penn Line Service (Employer) on October 20, 1977. Prior to that date, Employer had been dissatisfied with the productivity level of the crew with which Claimant worked. On October 20, Claimant's foreman, Ben Bowser, informed Claimant and the other members of the crew that the job on which they were working would be the last that they would work together. There is less of a conflict in the testimony of Claimant and Bowser than there is a question of interpretation. The ultimate issue is whether the words used by Bowser constitute merely a change in working conditions or a discharge. We hold it to be the former.

At the hearing before the Board, Claimant testified that Bowser informed him that he was fired. In subsequent testimony, however, Claimant stated that he and the other members of the crew were informed that "that's the end of this crew." Bowser, appearing on behalf of Employer, testified that he did not tell the crew members that they were fired, but rather that they would no longer be working together as members of the same crew. Bowser also testified that in response to his giving the crew that information, they said "if that's the way it is let's quit right now." At

that point, Bowser said he told the crew to pick up their tools and leave.

In *Labor and Industry Department v. Unemployment Compensation Board of Review,* 133 Pa. Superior Ct. 518, 521, 3 A.2d 211, 213 (1938), the Superior Court defined voluntary as leaving on one's own motion and as the opposite of discharge. In cases similar to the one before us now, we have held that in order for an employer's language to be interpreted as a discharge, it must possess the immediacy and finality of a "firing." *Lawlor v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 380, 385, 391 A.2d 8, 11 (1978); *Rizzitano v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 59, 62, 377 A.2d 1060, 1061 (1977). In *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974), we were presented with facts strikingly similar to those before us here. There, the employer criticized the claimant. Claimant responded to the criticism by announcing that he was leaving. Employer then said, "If this is what you want, then go." We held such facts to constitute a voluntary termination rather than a discharge.

Upon reviewing the facts of this case and the applicable law, we conclude that Bowser's language in warning Claimant of a crew change lacked the immediacy and finality of a firing and that it was Claimant's precipitous action that constituted the voluntary termination of his employment.

Because we have determined that Claimant voluntarily terminated his employment, we now must determine if he met his burden of proving that he did so for a cause of a necessitous and compelling nature. *Amico v. Unemployment Compensation Board of Review,* 36 Pa. Commonwealth Ct. 566, 568, 388 A.2d 349, 351 (1978). If he did not, he is ineligible for unemploy-

ment compensation benefits. Claimant has maintained from the beginning of these proceedings that he did not voluntarily terminate his employment but that he was discharged. He made no alternative argument and offered no evidence to prove that he left his position for cause of a necessitous and compelling nature. Obviously, then, Claimant has failed to carry his burden of proof.

We have found no reason to reverse the Board's order. Accordingly, we affirm.

ORDER

AND Now, this 1st day of February, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-161632, entered July 24, 1978, is affirmed.

Judge DiSALLE did not participate in the decision in this case.