Byoung Kwon Chinn, M.D., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 12, 1980, before Judges WILKIN-
SON, JR., WILLIAMS, JR. and PALLADINO, sitting as a
panel of three.

*John J. Connors, Jr.,* for petitioner.

*William J. Kennedy,* Assistant Attorney General,
with him *Richard Wagner,* Chief Counsel, and *Harvey
Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, March 18, 1981:
Petitioner, an employer, appeals the June 13, 1979,
order of the Unemployment Compensation Board of
Review (Board) which affirmed a referee's decision
granting unemployment compensation benefits to
Claimant, Petitioner's former employee.

On March 10, 1978, Petitioner hired Claimant as an office assistant and told Claimant that her starting time was 8:30 a.m. Petitioner then put Claimant under the direction of an office worker who appeared to be the office manager and who advised Claimant to report to work between 8:45 a.m. and 9:00 a.m. Claimant signed the office time sheets accordingly, and the sheets were received by Petitioner. At approximately 8:20 a.m. on July 10, 1978, Claimant received a hysterical telephone call from her sister, indicating that the sister's son was injured in an accident and was in critical condition. As a result of this call Claimant arrived at work at approximately 8:45 a.m. Petitioner requested an explanation for Claimant's tardiness and then warned Claimant either to report to work at 8:30 a.m. or to notify Petitioner in advance of any future lateness. On the morning of July 11, 1978, Claimant again received a hysterical telephone call from her sister, this time indicating that the sister's son had suffered cardiac arrest. As a result of this call Claimant arrived at work between 8:45 a.m. and 9:00 a.m. without having previously notified Petitioner of her late arrival. Claimant worked until approximately noon at which time Petitioner questioned Claimant's late arrival, and Claimant explained her family emergency. At this point Petitioner made a statement to Claimant, which statement is the subject of this appeal.

Petitioner asserts that on July 11, 1978, Petitioner warned Claimant not to continue arriving to work late without giving Petitioner prior notice of tardiness. Allegedly, Petitioner stated, "If you are going to be late without notification beforehand, please don't come any more." Claimant contends that on July 11, 1978, Petitioner fired Claimant despite Claimant's having told Petitioner of Claimant's family medical emergency. Allegedly, Petitioner said Claimant should never come back to the office.

Following Petitioner's disputed statement to Claimant, Claimant finished her office work, left the office, and did not return to the office after the lunch period.

The Bureau of Employment Security deemed Claimant ineligible for benefits under Section 402(b) (1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), for having voluntarily terminated her employment with Petitioner without cause of a necessitous and compelling nature. Following Claimant's appeal and a hearing, the referee held that Claimant was discharged from her employment and was, in the absence of willful misconduct, entitled to benefits under Section 402(e) of the Law, 43 P.S. §802(e). Upon Petitioner's appeal, the Board reversed the referee's decision and ruled that under Section 402(b)(1) of the Law Claimant could not receive benefits because she had voluntarily quit without cause. Upon Claimant's request for reconsideration, the Board concluded on June 13, 1979, that Claimant was involuntarily separated from her employment but was not discharged for willful misconduct. Therefore, the Board held that Claimant was entitled to benefits under Section 402(e) of the Law. Petitioner now appeals the June 13, 1979, decision of the Board.

Whether Claimant voluntarily terminated her employment with Petitioner is a question of law subject to review by this Court and dependent upon the facts found by the compensation authorities. *Taylor v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 59, 410 A.2d 400 (1980); *Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980); *Season All Industries, Inc. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269,

398 A.2d 1092 (1979); *Tyler v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 534, 395 A.2d 1045 (1978). "[T]he findings of the Board . . . are conclusive if supported by substantial evidence, giving to the party who prevailed before the Board the benefit of every inference which can logically and reasonably be drawn from the record." *Season All Industries, Inc.,* 41 Pa. Commonwealth Ct. at 272, 398 A.2d at 1094 (citation omitted).

"[F]or an employee to be fired or discharged, the employer need not use those exact words in speaking to the employee." *Rizzitano v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 59, 61, 377 A.2d 1060, 1061 (1977). The language used by the employer in addressing the employee must, however, exhibit both immediacy and finality. *Bowman, supra; Rizzitano, supra.* In the instant case Claimant alleged that Petitioner told Claimant never to return to the office while Petitioner alleged that Claimant was warned not to return if Claimant intended to continue being tardy without prior notice to Petitioner as requested. "[Q]uestions of credibility, resolution of conflicts in the evidence presented, and a determination of the weight to be given the evidence are matters for the Board to determine." *Bowman,* 49 Pa. Commonwealth Ct. at 173, 410 A.2d at 423 (citation omitted). Faced with a particularly close fact pattern and the very narrow issue of ascertaining and interpreting what Petitioner actually said to Claimant on July 11, the Board ultimately accepted Claimant's testimony and found that Claimant was discharged from employment. Substantial evidence in the record examined by this Court, supports the Board's conclusion that Claimant was involuntarily unemployed because Claimant's unemployment did not emanate from her own action or volition, but rather, from the action of Petitioner. *Hammerstone v. Unemployment Com-*

*pensation Board of Review,* 32 Pa. Commonwealth Ct. 256, 378 A.2d 1040 (1977); *Strelinski v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 65, 367 A.2d 330 (1976).

Since the determination that Claimant was dismissed is inconsistent with Petitioner's contention that Claimant left work of her own accord, we dispense with a consideration of Petitioner's additional argument that Claimant left work without cause of a necessitous and compelling nature and is thus ineligible for benefits under Section 402(b)(1) of the Law.

"While the burden of proof in voluntary quit cases places the laboring oar on the claimant initially, once the claimant shows actual discharge, it must be determined whether the claimant's conduct constituted willful misconduct within the meaning of Section 402(e) of the Law. . . ." *Season All Industries, Inc.,* 41 Pa. Commonwealth Ct. at 273, 398 A.2d at 1094. In cases of willful misconduct, "the burden is on the employer to prove the rule and the fact of its violation. However, if the employee . . . attempts to justify the violation, the employee then has the burden of establishing good cause." *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 505, 395 A.2d 708, 709 (1979).

In the present case the Board found that Petitioner informed Claimant on July 10, 1978, that Claimant was to be present in the office by 8:30 a.m. or was to provide Petitioner with prior notice of tardiness. The Board also determined that on July 11, 1978, Claimant reported to work between 8:45 a.m. and 9:00 a.m. without advance notice to Petitioner of her late arrival. Nevertheless, because the Board concluded that Claimant had good cause for the July 11 noncompliance with Petitioner's rule requiring either prompt arrival at 8:30 a.m. or prior notice of lateness, the Board deemed Claimant eligible for compensation benefits. *Depart-*

*ment of Agriculture v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 279, 403 A.2d 237 (1979). The Board's conclusion and award of benefits to Claimant are supported by substantial evidence in the record as reviewed by this Court,[1] since Petitioner's rule, although reasonable on its face, was unreasonably applied by Petitioner to Claimant under the circumstances of this case. While Petitioner's rule reasonably applies to situations where an employee can *anticipate* an absence or a delay and therefore has an opportunity to notify Petitioner beforehand, Petitioner's rule cannot reasonably apply to situations where an *unexpected* and *unforeseeable* occurrence such as Claimant's family medical emergency, delays an employee's arrival and does not afford the employee an adequate opportunity to notify Petitioner. Moreover, this is not a case where an employee has abused a situation by being absent for several hours or days without explanation or notice to the employer. Here it is undisputed that Claimant reported to work on July 11 immediately after her sister's hysterical telephone call, arrived at work only fifteen to thirty minutes late, and explained the cause of her delayed arrival to Petitioner.

Accordingly, we will enter the following

ORDER

AND Now, March 18, 1981, the order of the Unemployment Compensation Board of Review, dated June 13, 1979, Decision No. B-170796-B, Appeal No. B-78-2-E-1094, is hereby affirmed.

---

[1] Because Claimant had the burden of establishing good cause and prevailed before the Board, this Court "must determine on appeal whether an error of law has been committed and whether any necessary finding of fact is unsupported by substantial evidence in the record." *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 140, 409 A.2d 126, 127 (1979) (citations omitted).