Edna Slayton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*J. St. Girard Jordan,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, March 27, 1981:

In this unemployment compensation appeal, the claimant[1] questions a denial of compensation by the board,[2] affirming a referee's decision denying compensation to claimant, a licensed practical nurse, on the basis of the voluntary quit provision of the Unemployment Compensation Law.[3]

The following chronology of events preceded February 5, 1979, which was the claimant's last day of work for the employer.[4] On January 28, 1979, after claimant and two co-workers had worked the 11 p.m. to 7 a.m. shift, claimant discovered that $20 was missing from her purse. After the claimant had informed the director of nursing about the missing money, and had also told one co-worker who in turn informed the other, hostility developed between the claimant and her co-workers, who felt that claimant was accusing them of stealing. On February 5, the director of nursing met with claimant and her co-workers in an attempt to resolve their differences.

The referee and board, resolving conflicting testimony, found that, at the February 5, 1979 meeting, the claimant refused to apologize to her co-workers as requested by her supervisor and voluntarily terminated her employment by leaving work.

The claimant argues that she was discharged[5] and that the board capriciously disregarded competent

---

[1] Edna Slayton.

[2] Unemployment Compensation Board of Review.

[3] Section 402(b)(1), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[4] Unitarian Universal Home.

[5] In a voluntary quit case, under Section 402(b)(1), the claimant nevertheless has the burden of proving his eligibility, as one unemployed through no fault of his own, and if the claimant asserts that his leaving employment was not due to a voluntary termination, the burden of proving that point also lies with him. *Bowman v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980).

testimony by finding that she voluntarily terminated her employment.[6]

Here the referee and the board, in the proper exercise of their discretion,[7] found the version of the director of nursing, as to what occurred on February 5, 1979, to be more credible than the claimant's version. We therefore cannot hold that the board capriciously disregarded competent evidence, even though our own conclusions as to credibility might have differed from those of the board.

The supervisor's request that claimant apologize may have been unreasonable under the circumstances, but there was evidence permitting the board to view it as only a request, not an order. If there were findings that the claimant had been ordered to apologize or be discharged, we could reach a different result. *See Season All Industries, Inc. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269, 398 A.2d 1092 (1979). However, the board could, and did, disbelieve claimant's contention that she was forced to make such a choice.

Accordingly, we affirm the decision of the board.

ORDER

AND NOW, March 27, 1981, the order of the Unemployment Compensation Board of Review is affirmed.

---

[6] Where, as here, the party with the burden failed below, our scope of review is to determine whether there has been a capricious disregard of competent evidence. *Clark v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 571, 411 A.2d 879 (1980).

[7] The credibility of the witnesses and the weight to be given their evidence is a question for the referee and the board, and not for this reviewing court. *Rudy v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 633, 410 A.2d 97 (1980).

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.