Nancy L. Miller, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Lenore M. Urbano,* with her *George R. Price, Jr.,* and *Danna Rich-Collins,* for petitioner.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 8, 1981:

Nancy L. Miller (Claimant) has appealed an order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's denial of benefits to Claimant under Section 402(b)(1) of the Unemployment Compensation Law,[1] on the ground that Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature.

The facts are not in dispute. Claimant was last employed by Lastda Enterprises, Inc. (Employer) as a sewing machine operator for 10 months at $2.90 per hour, her last day of work being July 30, 1979. On July 31, 1979, Claimant did not report to work due to illness, but did notify her Employer. On August 1, 1979, Claimant returned to work, where she was confronted by her supervisor, who asked Claimant the reason for her absence. At that time Claimant told her supervisor that she had been ill and stated, "It doesn't

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

matter, I won't be here much longer anyway." The supervisor responded, "You can leave now," and Claimant walked off the job.

The only issue raised by Claimant here is whether or not Claimant's termination was voluntary.[2] Whether or not a claimant's unemployment was a result of voluntarily leaving work is ultimately a question of law, reviewable by this Court. *Sears, Roebuck and Co. v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 170, 394 A.2d 1329 (1978). The burden of proving that a termination was not voluntary rests upon the claimant. *Bowman v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 170, 410 A.2d 422 (1980). That burden has not been met by Claimant in this case.

The resolution of the legal question of the voluntariness of one's termination normally depends upon the underlying facts as found by the Board. *Correa v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 13, 374 A.2d 1017 (1977). We have held that where words are exchanged between an employee and his employer and the employee's termination follows, in order for the employer's language to be interpreted as a discharge, it must possess the immediacy and finality of a "firing." *Sweigart v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979).

The underlying factual situation in *Yasgur v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974) is quite similar to the set of circumstances in the instant case. In *Yasgur,* the claimant's work was criticized by his

---

[2] Although the referee's decision affirmed by the Board concluded that Claimant's reason for quitting her job was not a cause of necessitous or compelling nature, we note that Claimant has not argued that issue to us; rather the sole gravamen of her case is that she did not quit but was discharged.

employer in the claimant's presence. When the employer had finished criticizing the claimant, the claimant announced that he was leaving. The employer then replied, "If this is what you want, then go." Therein we found that those facts supported a conclusion that the claimant was not discharged, but that he voluntarily terminated his employment.

Here, the Claimant responded to a reasonable inquiry about the reason for her absence with a statement that she had been ill, but that the reason for her absence did not matter because she would not be there much longer anyway. As in *Yasgur*, the Claimant's words prompted the Employer to respond with a statement which in effect gave Claimant the choice to stay or leave. The words "you can leave now" did not possess the finality of a discharge. When Claimant left she was not compelled to do so, but did so on her own motion.

Claimant's volitional termination disqualifies her from benefits. Accordingly, the order of the Board is affirmed.

### ORDER

AND Now, this 8th day of July, 1981 the order of the Unemployment Compensation Board of Review dated November 16, 1979, denying Nancy L. Miller benefits is hereby affirmed.