532 A.2d 1248

Willard E. Maines, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 11, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James P. Johnson*, for petitioner.

*James K. Bradley*, Assistant Counsel, with him, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, October 30, 1987:

Willard E. Maines (Petitioner) appeals from an order of the Unemployment Compensation Board of Review which affirmed a referee's determination denying benefits to Petitioner. For the reasons set forth below, we reverse.

The facts in this matter are not in dispute. Petitioner worked for M. G. Industries (Employer) as a truck driver until September 16, 1985. During the summer of 1985, Petitioner was having a problem maintaining validity of his driver's license and, because of work schedule conflicts, was unable to take a driver's examination by August 16, 1985. Petitioner's license nevertheless remained valid up to the time of his separation.

On September 4, 1985, Employer gave Petitioner time off through September 9, 1985 in order to verify the validity of Petitioner's license. On September 9, 1985, Petitioner was called to work and ordered to sign a "counselling report" containing Employer's version of the events leading to Petitioner's inability to take the driver's test by August 16, 1985. The report also contained the reason for his temporary separation from September 4-9, 1985. Petitioner disputed the allegations in the counselling report and refused to sign it.[1] Employer told Petitioner that he would not be permitted to continue working unless he signed the report.

On September 13, 1985, Employer sent a letter to Petitioner requesting that he contact Employer within three days regarding his employment status. Petitioner

---

[1] Claimant testified that he believed his signature would attest to the accuracy of the report and that Employer had not given him the option of adding comments. Moreover, Employer's witness testified that he didn't believe Petitioner was made aware that he could make his own comments. Upon review of the counselling report, we conclude that Petitioner's belief that his signature amounted to attestation of the facts recited therein was reasonable.

telephoned on September 16, 1985 and was again told that he would have to sign the counselling report or else face discharge. Because he continued to object to the report's accuracy, Petitioner still refused to sign it. Petitioner never stated, however, that he wished to resign his position, nor is there any dispute that he was fully licensed, willing, and able to perform his duties.

Employer thereafter sent a letter to Petitioner stating that because he refused to sign the report, "the Company would assume that you have abandoned your job. Therefore, I have initiated all necessary paperwork to remove you from our payroll records."[2]

Based on these facts, the referee and Board both determined that Petitioner had voluntarily terminated his employment without cause of a necessitous and compelling nature and therefore was ineligible for benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[3]

Petitioner contends that the Board's conclusion that he voluntarily terminated his employment is erroneous as a matter of law.

Our scope of review for Board determinations is limited to a determination of whether the Board committed an error of law or violation of constitutional right, or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). In a voluntary quit case under Section 402(b) of the Law, this court will review the Board's decision under a two-pronged analysis—the first issue being whether the claimant voluntarily terminated his employment

---

[2] Letter from Employer to Petitioner, Certified Record Item 5.

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

or was discharged, the second being whether, in the event the claimant voluntarily terminated his employment, he had cause of a necessitous and compelling nature to do so. Thus, the threshold question in a voluntary quit case is whether the facts surrounding Petitioner's separation from employment constitute a voluntary resignation or a discharge. This is a question of law. *Porter v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 505, 434 A.2d 245 (1981).

In order for an employer's language to be interpreted as a discharge it must possess the immediacy and finality of a firing. *Sweigart v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 421, 408 A.2d 561 (1979). On the other hand, " '[w]here the employee, *without action by the employer*, resigns, leaves or quits his employment, his action amounts to "voluntarily leaving work" . . . ' " *Roberts v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 21, 24, 432 A.2d 646, 648 (1981) (quoting *Labor and Industry Department v. Unemployment Compensation Board of Review*, 133 Pa. Superior Ct. 518, 522, 3 A.2d 211, 214 (1938)) (emphasis added).

In its final letter to Petitioner on September 16, 1985, Employer specifically states that Petitioner would be removed from the payroll records. The letter also requested Petitioner to return all Employer-issued equipment. There can be no doubt that this letter possesses the immediacy and finality of a firing and therefore that Employer discharged Petitioner.

The Board contends, however, that Petitioner abandoned his employment by refusing to sign the counselling report and therefore that he voluntarily brought about his unemployment. In support, the Board cites *Miller v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 410, 431 A.2d 1138 (1981) and *Yasgur v. Unemployment Compensation*

*Board of Review,* 16 Pa. Commonwealth Ct. 33, 328 A.2d 908 (1974). Both of these cases, however, are inapposite. In *Miller,* the claimant returned from a day off due to illness and was asked by her superior why she was absent. The claimant stated: "It doesn't matter, I won't be here much longer anyway," and her superior responded: "You can leave now." 60 Pa. Commonwealth Ct. at 411-12, 431 A.2d at 1139. Similarly in *Yasgur,* the claimant's work was criticized by his employer after which the claimant announced that he was leaving. The employer replied: "If this is what you want, then go." *Id.,* 16 Pa. Commonwealth Ct. at 35, 328 A.2d at 909. In both of those cases, the court held that the employers' words did not possess the immediacy and finality of discharge and that the claimants therein were not compelled to leave, but did so on their own motion.

The case at bar is entirely distinguishable. Petitioner never expressed any desire to leave his employment, nor does Employer contend that he did. Moreover, the letter of September 16, 1985 clearly indicates that Employer was discharging Petitioner. Thus, the cases cited by the Board are not applicable.

It is true that this court has held that " 'when an employee engages in conduct which necessarily leads to termination of his employment, the [Board] is clearly justified in characterizing such termination as voluntary.' " *Comstock v. Unemployment Compensation Board of Review,* 63 Pa. Commonwealth Ct. 380, 382, 437 A.2d 1318, 1319 (1981) (quoting *Fisher v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 518, 522, 393 A.2d 1304, 1306 (1978)). For instance, in *Comstock,* the claimant was laid off from his position, but the claimant was aware that he could exercise his privilege of seniority under the applicable collective bargaining agreement and that he could continue working by exercising this "bumping" right.

We found that since the claimant had a right to continue employment under the collective bargaining agreement, his failure to exercise that right constituted a voluntary termination of his employment.

That case is inapposite to the case at bar. Petitioner had no right to continued employment which he failed to exercise. Moreover, Employer made it abundantly clear that Petitioner would be discharged unless he acceded to Employer's order to sign the counselling report. His refusal to sign the report due to alleged inaccuracies cannot be construed as engaging in conduct that led to his separation.

In *Slayton v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 120, 427 A.2d 322 (1981) we recognized the legal significance of separation from employment for failure to comply with similar employer orders. In *Slayton,* the claimant left her employment after refusing to apologize to her co-workers as requested by her supervisor. We upheld the Board's determination that she had, in effect, voluntarily terminated her employment because the employer had only *requested* claimant to apologize. However, we also stated: "If there were findings that the claimant had been *ordered* to apologize *or be discharged,* we could reach a different result." *Id.* at 122, 427 A.2d at 323 (emphasis added). In the case at bar, Petitioner was faced with an unqualified order to sign the counselling report or else be discharged.

This case is, in fact, remarkably similar to *Season All Industries v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269, 398 A.2d 1092 (1979), where claimant was discharged for failure to sign an agreement requiring the claimant to disclose all inventions and discoveries related to his employer's business. With regard to the issue of separation from employment, we stated:

On the pure legal conclusion of discharge, the employer relies on the fact that claimant refused to sign knowing his refusal would result in dismissal and that therefore claimant became unemployed 'through his own fault.' But this case is no different than any other in which claimant refuses to comply with a directive of his employer and is dismissed as a result. This Court has repeatedly held in similar circumstances that what may constitute just cause for dismissal does not constitute 'voluntarily leaving work' under Section 402(b)(1).

*Season All Industries,* 41 Pa. Commonwealth Ct. at 273, 398 A.2d at 1094.

We conclude that the Board erred in holding that Petitioner voluntarily terminated his employment. Accordingly, we reverse the decision of the Board.

ORDER

AND NOW, October 30, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.