Century Apartments, Incorporated, t/a The Bigelow Apartment Hotel, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued May 5, 1977, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Errol S. Miller*, for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 10, 1977:

This is the appeal of an employer, Century Apartments, Inc., from an order of the Pennsylvania Unemployment Compensation Board of Review affirming a referee's award of benefits to Century's former employe, Beverly Ann Juliano.

Juliano was employed by Century as a hostess, barmaid and daytime manager of Century's restaurant. Her hours of employment were from 9:30 A.M. to 5:30 P.M. and she was paid three dollars an hour. Century required its employes to record and subscribe daily the times of beginning and ending work. Juliano testified at the referee's hearing that because she worked the same hours every day she had been in the habit of both signing in and signing out when she arrived in the morning and did so on November 4, 1975. She further testified that on that day she left work one hour and ten minutes early and neglected, through inadvertence, to change the time sheet to indicate her early departure. The discrepancy was brought to the attention of Century's president and he discharged the claimant on the following day when she reported for work.

The referee and the Unemployment Compensation Review Board found that:

5. The claimant inadvertently failed to reflect her leaving early on the sign-out sheet.

6. The claimant would have made the correction the next day when she checked the time sheets.

Century says that there is not substantial record evidence supporting these findings. Substantial evidence has been defined as ''that evidence which a reason-

able mind might accept as adequate to support the finding of the Board.'' *O'Keefe v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 151, 157, 333 A.2d 815, 819 (1975). The claimant testified that her failure to correct the time sheet was an error which she would have corrected the next day had she not been fired before she had an opportunity to do so. This is substantial evidence.

The appellant also says that signing in and signing out simultaneously was a violation of its rules and was therefore wilful misconduct rendering the claimant ineligible for compensation under Section 402(e) of the Unemployment Compensation Law.[1] ''The deliberate violation of rules'' is indeed wilful misconduct. *O'Keefe, supra*, at 154, 333 A.2d at 817. However, Juliano testified not only that her breach of the rule was inadvertent but that she believed the rule was not applicable to her because, unlike other employes, she had regularly scheduled hours. The Board's finding on sufficient evidence that Juliano would have corrected the time sheet suggests a negligent, not a deliberate, violation of the employer's rules concerning the time sheets.

Finally, the employer says that claimant's early departure on November 4, 1975 was wilful misconduct. But Juliano was not discharged for this reason. Century's president testified that he ''dismissed her . . . for misstating her time and therefore, attempting to defraud the company of, trying to collect money not due her.'' We conceive that while leaving work early may be wilful misconduct, it may not be assigned as a reason for denying unemployment compensation if it was not a cause of the claimant's unemployment.

The order of the Board is affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

488

AND Now, this 10th day of June, 1977, the order of the Unemployment Compensation Board of Review awarding unemployment compensation benefits to Beverly Ann Juliano is affirmed.