Constance J. Phillips, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Sanford A. Middleman,* for petitioner.

*Bernadette A. Duncan,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 19, 1978:

Constance J. Phillips (Appellant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that she had been properly discharged

for willful misconduct and that Section 402(e) of the Unemployment Compensation Law[1] (Act) therefore made her ineligible for benefits.

Prior to her discharge, the Appellant had been employed as a secretary by the Montefiore Hospital (employer) for approximately three years. In March of 1976, she had been advised that she had exceeded her quota of compensable vacation and personal days leave time for the year. In April, she requested and was granted an uncompensated day of vacation, April 16, 1976. On April 26, 1976, when she submitted her time card for the assistant administrator's signature, it was noted that there was nothing written on the card concerning her absence on April 16, 1976. Subsequently, however, the assistant administrator reviewed the time card again and discovered that, after she had signed the card, the Appellant had evidently written the words "personal holiday" in the previously vacant space allotted to the date of April 16. The prescribed procedure for indicating an uncompensated absence on a time card, it was testified, was to leave a blank space or the notation "eight hours without pay."

The Appellant's dismissal by the employer was indicated to be required because of the "falsification of a time card," but when she applied for unemployment compensation benefits, she stated that her reasons for separation from her previous employment were an increased work load and problems with her health. The Bureau of Employment Security refused benefits on the basis that she had violated her employer's rules and regulations and was therefore ineligible under Section 402(e) of the Act, 43 P.S. §802(e). This determination was affirmed by both the referee and the Board. This appeal followed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

The Appellant argues that her actions did not constitute willful misconduct. Although the term "willful misconduct" is not defined in the Act, this Court in numerous decisions has defined it to be the willful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design or showing an intentional and substantial disregard of the employer's interest or the employee's duties. *Meneely v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 613, 369 A.2d 506 (1977); *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have recently held that a single act of misconduct such as exhibited here, the falsification of a time card, is sufficiently serious to justify a finding of willful misconduct. *Strohecker v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 526, 382 A.2d 160 (1978).

It is true that the *inadvertent* entry of an incorrect notation upon a time card does not constitute willful misconduct. *Century Apartments, Incorporated, t/a The Bigelow Apartment Hotel v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977). Here, however, there is sufficient competent evidence to support the findings of the Board that the Appellant added the notation "personal holiday" on her time card after it had been signed by the administrator. This was clearly improper, and it resulted in her being improperly credited for eight hours compensation on that date. Although the Appellant contradicted the employer's testimony concerning the required procedure, the referee and the Board resolved this question in favor of the

employer, and such questions of credibility and the resolution of conflicts of testimony are for the Board to decide. *Yasgur v. Unemployment Compensation Board of Review*, 16 Pa. Commonwealth Ct. 33, 328 A. 2d 908 (1974). There is substantial evidence here to support the conclusion that the Appellant's improper entry on her time card was willful misconduct under Section 402(e) of the Act, 43 P.S. §802(e).

We must, therefore, affirm the Board's denial of benefits.

ORDER

AND Now, this 19th day of April, 1978, the order of the Unemployment Compensation Board of Review, No. B-138497, dated December 17, 1976, on the above-captioned matter, is hereby affirmed.