Keg & Butcher Block, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and DOYLE, sitting as a panel of three.

*David P. Andrews, Patterson, Evy, Routch, Black, Behrens & Dorezas,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *William J. Kennedy,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, September 29, 1982:

This is an appeal by the Keg & Butcher Block Restaurant (Employer) from a decision and order of the Unemployment Compensation Board of Review (Board) reversing a referee's denial of benefits to John Nee (Claimant). The Board reversed the referee on the grounds that Employer failed to establish that Claimant was discharged for willful misconduct so as to render him ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was Employer's general manager from December 19, 1979, until March 27, 1980. On March 26, 1980, Claimant was summoned to a meeting by the three partners who own Employer at which they discussed with Claimant various grievances other employees had concerning the manner in which Claimant performed his job. These grievances were gleaned at a meeting the partners had with Employer's other employees the preceding day, a meeting Claimant was unaware of and did not attend. Chief among the grievances was Claimant's alleged disrespect for the other employees and an incident which occurred sometime in January, 1980, wherein Claimant supposedly

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

argued with a party of sixteen people about whether they had made a reservation, an argument which resulted in the party's leaving while Claimant informed them that their business was not needed. The partners also discussed with Claimant concerns they had about his "attitude." At the conclusion of the meeting it was resolved that Claimant would continue on as general manager. That evening, however, *prior* to Claimant's return home from work, Claimant's wife, who had accidentally walked in on Claimant's meeting with the partners, telephoned Della Ehredt, a friend of hers and a cashier at Employer, to see if she might know why the partners were meeting with Claimant. At some point in the ensuing conversation, Claimant's wife allegedly chastised Ehredt for not alerting Claimant to the employees' grievance meeting and intimated to her that any future failure to inform Claimant of employee meetings could jeopardize her job. Ehredt, upset by the telephone call, notified Employer's assistant manager, who, in turn, called one of the partners. Thus, when Claimant reported to work the following day, he was discharged.

Claimant filed for unemployment compensation benefits and, after a hearing at which extensive testimony was presented, a referee found that Claimant's wife had made the telephone call and threats to Ehredt pursuant to instructions from Claimant, that this was the reason for Claimant's discharge and that claimant was therefore ineligible for benefits by reason of his own "willful misconduct." On appeal, however, the Board reversed the referee's finding that Claimant had asked his wife to telephone Ehredt and concluded that Claimant was therefore not ineligible for benefits. Employer's appeal to this Court followed.

The burden is on the employer to establish "willful misconduct" in an unemployment compensation case. *Atkinson v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 535, 434 A.2d 850 (1981).[2] Where, as here, the party with the burden of proof did not prevail before the Board, this Court's scope of review is limited to a determination of whether the Board's findings of fact are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence. *Adamski v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 639, 441 A.2d 502 (1982).

In its appeal, Employer asserts that the Board capriciously disregarded the evidence presented below in finding that Claimant did not ask his wife to call or threaten Ehredt. The Board is the ultimate finder of fact in unemployment compensation cases. *Gane v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). As such, it, and not this Court, is empowered to resolve conflicts in the evidence presented and to determine the weight of the evidence. *Season All Industries, Inc. v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 269, 398 A.2d

---

[2] "Willful misconduct," while not defined by the Law, has been termed that conduct which evidences:

(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employees' duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-169 (1973).

1092 (1979). The only evidence as to who initiated the telephone call at issue, Claimant or his wife, is the conflicting testimony of the witnesses presented by the parties herein. Both Claimant and his wife testified without equivocation that Claimant did *not* instruct his wife to either call or threaten Ehredt. The testimony of Claimant's wife was partially corroborated by that of a friend who stated that she was with Claimant's wife throughout the course of the evening in question and that at no time was a call received from Claimant. Ehredt, on the other hand, testified that Claimant's wife had indicated that she was calling pursuant to instructions from Claimant. The Board chose to believe the version of what transpired conveyed by Claimant and his wife and as such we are bound by the Board's finding that Claimant was in no way responsible for the telephone call to Ehredt. Accordingly, we must affirm the Board's conclusion that Claimant was not involved in any "willful misconduct" with respect to the telephone call.

As an alternative argument, Employer contends that it was an error for the Board to restrict itself to the issue of Claimant's responsibility for the telephone call in its analysis of whether Claimant had been discharged for "willful misconduct." Specifically, Employer states that sufficient testimony was presented to indicate that other aspects of Claimant's on the job behavior were factors in his discharge, especially his attitude and the incident wherein he told a party of sixteen that their business was not needed, and that the Board should have made findings of fact in this regard. Employer believes that these findings would lead to a conclusion that, responsibility for the telephone call aside, Claimant was discharged for acts which constitute "willful misconduct" under the Law. Employer therefore requests

a remand for the formulation of the necessary findings of fact. We must deny this request. It is clear that at the time of the March 26, 1982, meeting between Claimant and the partners, the partners were fully aware of the additional factors now set forth as grounds for Claimant's discharge. They nonetheless elected at that time to retain Claimant as the general manager for Employer. It was only after the partners perceived Claimant to have been responsible for a threatening telephone call to another employee that they elected to fire him. Thus, while Claimant may indeed have engaged in conduct which could be conceived as "willful misconduct," it was not error for the Board not to treat it as the reason for Claimant's discharge and to not assign this conduct as a reason for denying unemployment compensation. *Century Apartments, Inc. v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977).

ORDER

Now, September 29, 1982, the decision of the Unemployment Compensation Board of Review in the above captioned matter, No. B-186559, dated August 5, 1980, is hereby affirmed.