Commonwealth of Pennsylvania, Pennsylvania State Police, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1983, before Judges MAC-PHAIL, DOYLE and BARBIERI, sitting as a panel of three.

*Joseph S. Rengert,* Assistant Counsel, for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Charles Hasson,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 9, 1983:

This is an appeal by the Pennsylvania State Police of an order of the Unemployment Compensation Board of Review which affirmed an award of benefits to Charles E. Cox, Jr. (Claimant). We affirm.

Claimant was employed as a state trooper by the Pennsylvania State Police (State Police) from July 7, 1980 to January 5, 1982. During that time he was considered on probationary status as are all new members of the State Police. On December 29, 1981, after

reviewing reports of two incidents in which Claimant had been included, the State Police Probationary Review Board recommended by a vote of 2-1 that Claimant be dismissed, concluding that he had violated two of the employer's regulations concerning courtesy and conduct toward the public. By letter dated January 4, 1982, Claimant was advised of his separation from employment with the State Police.

Claimant filed an application for unemployment compensation benefits and on February 1, 1982 the Office of Employment Security determined Claimant to be eligible. The State Police appealed the determination and, following a hearing before a referee, the award of benefits was affirmed. On appeal to the Board the award of benefits was upheld. The appeal to this Court followed.

The State Police argue that Claimant is not entitled to benefits because he was discharged for willful misconduct.[1] The burden of proving willful misconduct rests with the employer. *Stauffer v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 569, 455 A.2d 300 (1983). When, as here, the party with the burden of proof does not prevail before the compensation authorities, our review is limited to a determination of whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Keg & Butcher Block v. Unemployment Compensation Board of Review,* 69 Pa. Commonwealth Ct. 225, 450 A.2d 782 (1982).

The State Police urge first that the referee erred and capriciously disregarded the investigative reports

---

[1] Section 402(e) of the Pennsylvania Unemployment Compensation Act, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

of Claimant's alleged discourteous conduct. The referee indicated:

> The evidence in the instant case will support findings only that the employer received reports of discourteous conduct by claimant, investigated those reports and disciplined and counselled claimant based upon its investigation. There is no direct evidence of record that claimant actually engaged in the conduct alleged.

The State Police urge that the investigative reports are business records and as such are exceptions to the hearsay rule and constitute evidence that Claimant engaged in the conduct investigated. We disagree. Section 6108(b) of the Uniform Business Records As Evidence Act[2] provides:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

The reports at issue here record the act of investigation and the receipt of complaints from the public. In no sense do they constitute a record of the act of Claimant's discourtesy to the public.[3] For purposes

---

[2] 42 Pa. C. S. §6108(b).

[3] The reports in question are not recollections written down in the regular course of business by the witnesses to the allegedly discourteous acts. They are, rather, a record of the statements of those witnesses which were written down by the police officers in the regular course of their disciplinary investigation. The state-

of proving Claimant's willful misconduct, therefore, the records do not constitute competent evidence, and although they were admitted over objection, it was not error for the referee to disregard them.

Second, the State Police argue that the referee and the Board capriciously disregarded other evidence that Claimant had engaged in willful misconduct. The Police urge that circumstantial evidence preponderates in favor of a finding of willful misconduct. That evidence consists of: hearsay evidence in the form of investigation reports and testimony by investigating officers regarding two complaints lodged against Claimant by members of the public, testimony and documentation showing that the complaints had been investigated, and the documentation showing that Claimant had been warned, counseled and ultimately disciplined for the alleged discourtesy. The Police also rely on evidence that Claimant received an unsatisfactory rating on his June, 1981 evaluation and hearsay testimony by an investigating officer that Claimant's fellow officers complained of his poor attitude toward them and members of the public. Claimant presented the testimony of a colleague, a State Police sergeant, that his behavior during the probationary period was commendable. In addition, one of the members of the Probationary Review Board testified that Claimant was fit to become a permanent member of the State Police. The credi-

---

ments themselves remain hearsay, and are not competent proof of the matters asserted in them. *See Johnson v. Peoples Cab Co.*, 386 Pa. 513, 126 A.2d 720 (1956) ; *Haas v. Kasnot*, 377 Pa. 440, 105 A.2d 74 (1954) ; *see also University of Pittsburgh v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 505, 413 A.2d 51 (1980). The investigation reports are competent only to prove *that* the complaints were made and *that* such statements were given by the public.

bility of witnesses and the weight of the evidence is the province of the factfinder. *Berger v. Unemployment Compensation Board of Review,* 68 Pa. Commonwealth Ct. 476, 449 A.2d 818 (1982); *El v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 57, 432 A.2d 651 (1981). We do not believe the evidence relied upon by the State Police so outweighs other evidence that the factfinders can be said to have capriciously disregarded it. *See Resnick v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 504, 427 A.2d 1289 (1981).

Finally the State Police urge that the referee and the Board misapplied the law regarding willful misconduct. The Police urge that the record shows that Claimant was discharged for violation of the employer's regulation regarding courtesy to the public, and of the expected standards of behavior by a state trooper. *See Hackney v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 625, 432 A.2d 317 (1981). We recognize that courtesy to the public is required by the State Police code of conduct. We recognize also that the record shows that Claimant was investigated by the State Police and found by his employer to have violated the conduct expected. But an employer may not exclusively rely on his own conclusions that a work rule was violated as proof to the referee and the Board that the work rule had in fact been violated. There was, as noted by the referee, no direct evidence presented that established the conduct to which the willful misconduct standards could be applied.

We find no error or capricious disregard of competent evidence in the referee's determination, affirmed by the Board, that the State Police failed to meet their burden to prove willful misconduct.

## ORDER

Now, December 9, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-207059, dated June 21, 1982, is hereby affirmed.

Judge BARBIERI concurs in the result only.