Gilbert Bishop, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

David A. Klotz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Richard P. Gavaghan, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Ralph Gemi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

554

John L. Kling, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Norman L. Fronk, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

George Fisher, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

John R. Klotz, Sr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

William Lauman, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Albert R. Singer, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Mahmood I. Mughal, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Lawrence Price, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Robert J. Thomson, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Franklin H. Brobst, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*William D. Marvin, Shuster and Beckman,* for petitioners.

No appearance for respondent.

*Richard L. Strouse,* with him, *John B. Langel, Ballard, Spahr, Andrews & Ingersoll,* for intervenor, F. M. Weaver, Inc.

OPINION BY JUDGE PALLADINO, July 30, 1985:

Petitioners in these consolidated appeals are unemployment compensation claimants who are representative of the members of the United Steel Workers of America, Local 3187 (Union). The Unemployment Compensation Board of Review (Board) affirmed a referee's decision denying benefits under Section 402 (d) of the Unemployment Compensation Law (Law),[1] concluding that Petitioners' unemployment resulted from a strike rather than a lock-out by F. M. Weaver, Inc. (Employer).[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. [1937] 2897, *as amended,* 43 P.S. §802(d).

[2] The Employer was granted leave to intervene; the Board did not file a brief or appear at oral argument.

The relevant facts, as found by the referee and adopted by the Board, are as follows. The Employer and the Union were parties to a collective bargaining agreement which expired on May 31, 1983. Immediately prior to the expiration of the agreement, the Union offered to continue working under the terms and conditions of the existing agreement for one year. The Employer did not accept this offer. At the time that the work stoppage began the Employer was seeking a $1.25 per hour reduction in the pay scale. Neither the Employer nor the Union offered to continue working under the terms and conditions of the existing agreement for a shorter period than one year while negotiations continued. When negotiations failed to produce a new agreement, the Union commenced a work stoppage on June 1, 1983. Work was available on June 1, 1983, but Petitioners did not report to work as scheduled.

Petitioners applied for unemployment compensation. The Office of Employment Security determined that the work stoppage existed because of a labor dispute other than a lock-out and denied benefits under §402(d). This determination was affirmed by the referee and the Board.

Before this Court Petitioners argue that the referee's conclusion that the work stoppage was a strike is an error of law and is in capricious disregard of the evidence.

"A claimant whose employment has been interrupted by a work stoppage arising out of a labor dispute bears the burden of proving that the stoppage resulted from a lockout." *McCormick Dray Lines v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 181, 184, 459 A.2d 74, 76 (1983). Where the party with the burden of proof does not prevail before the Board, our scope of review is limited to determining whether the Board's findings of

fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Pennsylvania State Police v. Unemployment Compensation Board of Review*, 79 Pa. Commonwealth Ct. 46, 468 A.2d 533 (1983). The question of whether a work stoppage is a strike or a lock-out is a mixed question of fact and law. *Philco Corporation v. Unemployment Compensation Board of Review*, 430 Pa. 101, 242 A.2d 454 (1968).

Under §402(d) of the Law, an employee is ineligible for unemployment compensation for any week "[i]n which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed."

The well established test for determining whether a work stoppage is the result of a lock-out or a strike was set forth by our Supreme Court in *Vrotney Unemployment Compensation Case*, 400 Pa. 440, 163 A.2d 91 (1960), as follows:

> Have the employees offered to continue working for a reasonable time under the preexisting terms and conditions of employment so as to avert a work stoppage pending the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the preexisting terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a "lockout" and the disqualification for unemployment compensation benefits in the case of a "stoppage of work because of a labor dispute" does not apply.

*Id.* at 444-45, 163 A.2d at 93-94.

In *Philco,* the Court further refined the test by stating: "[L]ogically the test of whether a work stoppage resulted from a strike or a lockout requires us to determine which side, union or management, first refused to continue operations under the status quo after the contract had technically expired, but while negotiations were continuing." *Id.* at 103, 242 A.2d at 455.

Petitioners first argue that the referee and the Board erred as a matter of law in concluding that the work stoppage was a strike on the basis that the Union offered to continue working under the status quo for one year and the Employer refused this offer. The referee and the Board premised this conclusion on their determination that one year is not a reasonable period under the circumstances because it would bind the Employer to the terms and conditions of the existing agreement, from which it was trying to escape, for a full year and the Union would then have little or no incentive to bargain for that period. We agree.

Furthermore, our careful review of the record reveals that the Union's offer to continue working under the status quo for one year was in actuality an offer for a new one-year contract on the same terms and conditions as the expiring contract. It was not an offer to continue the status quo during negotiations. The Union, therefore, did not meet its burden of proving that it offered to continue working under the status quo for a reasonable period of time pending final settlement of the contract negotiations. *See Vrotney* at 444-45, 163 A.2d at 93-94.

Petitioners next argue that the referee capriciously disregarded undisputed evidence which established that any offer made by the Union to continue work under the status quo for any length of time would have been rejected by the Employer. Therefore, Petitioners reason, under the "futility doctrine" as set forth in

*Philco* the Union need not make the offer. *See Philco*, 430 Pa. at 104, 242 A.2d at 456.[3] In support of this argument Petitioners point to several facts which appear in the record.[4] Most persuasive of these is the testimony by the Employer's Vice President:

QR: Well, as of June 1, would the employer have allowed the employees to work under the old contract, continue working under the old contract?

AEWI: Under the old contract as it was?

QR: Yes.

AEWI: No. We wanted to negotiate a new contract. We didn't want to work without a contract.

. . .

QR: All right, but the union did indicate they would continue working under the old terms for a period of time then?

---

[3] The *Philco* Court stated:

[W]hen, as here, the work stoppage takes the *form* of a strike, the burden is upon the union to show that it made the initial "peace" move by offering to continue the status quo. . . . However, since it is conceded in the present controversy that no such offer was made, the union must rely on the so-called "futility" doctrine as set out in Irvin Unemployment Compensation Case, 198 Pa. Super. 308, 181 A. 2d 854 (1962), holding that the union need not offer to continue the status quo if it appears that such an offer would definitely not be accepted by management. (Citation omitted.) (Emphasis in the original.)

430 Pa. at 104, 242 A.2d at 456.

[4] In addition to the Employer's testimony, Petitioners rely upon the following factors: 1) the Employer wanted to force the Union to agree to a wage reduction, therefore, the work stoppage inured to the Employer's benefit because it brought economic pressure to bear on the employees; 2) the Employer shipped out all raw materials prior to the expiration of the agreement thereby making continued work impossible; and 3) the Employer installed new chains and locks on the plant gates when the work stoppage began.

AEWI: Yes, but that was not acceptable to the company.

The record also contains similar testimony by the Employer's President:

QR: [I]f the employees did show up on June 1, what would have happened at that point? You would have allowed them to work?

AEW2: Under what rules and contract?

QR: I'm asking you. I don't know.

AEW2: We had none. What would we have paid them?

QR: That's a question for you to answer. I don't know. I'm only trying to find out what you would have done.

AEW2: We would have paid them our last offer.

. . .

QR: [I]f the employees did come to work on June 1, under what conditions would they be working, such as pay rate and whatever else?

AEW2: I don't think we were faced with that situation, but if they were I would assume they would have had to work under our proposal, under our new rates of our proposal.

Thus, the record contains considerable testimony *by the Employer* that it would not have permitted the employees to continue working under the terms and conditions of the expired agreement pending settlement of negotiations. Unfortunately, the referee's only factual finding on this issue is that work was available on June 1. In order for this Court to determine whether an offer by the Union to continue working under the status quo would have been futile, a factual determination of whether work was available *under the terms and conditions of the expired contract* must be made.

Because we may not infer from the absence of such a finding that this matter was resolved in favor of the Employer, *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975), we must remand this matter to the Board for the necessary fact finding.

Accordingly, we vacate the order of the Board and remand for further findings with respect to whether the Employer would have allowed Petitioners to continue working under the terms and conditions of the expired agreement while negotiations continued.

### ORDER IN 1265 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229075, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1266 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229082, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1267 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229070, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1268 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229077, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1269 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229071, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1270 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229072, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1271 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229073, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

## ORDER IN 1272 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229080, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

## ORDER IN 1273 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229074, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

## ORDER IN 1274 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229081, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

## ORDER IN 1275 C.D. 1984

AND Now, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229068, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1276 C.D. 1984

AND NOW, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229078, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1277 C.D. 1984

AND NOW, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229079, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.

### ORDER IN 1278 C.D. 1984

AND NOW, July 30, 1985, the order of the Unemployment Compensation Board of Review, No. B-229076, is vacated and the case is remanded for further fact finding on the question of whether work was available under the terms and conditions of the expired collective bargaining agreement.

Jurisdiction relinquished.