**Tina CHARLES, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 2000.
Decided Dec. 29, 2000.

---

Garry Wamser, Bloomsburg, for petitioner.

James K. Bradley, Harrisburg, for respondent.

Before SMITH, Judge, KELLEY, Judge, RODGERS, Senior Judge.

RODGERS, Senior Judge.

Tina Charles (Claimant) petitions for review of the April 13, 2000 order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by Days Inn (Employer) as a banquet waitress at an hourly rate of $2.84 plus gratuities. Employer permitted Claimant to supplement her employment with available office work at the rate of $6.00 per hour, in order to maintain a full time position and qualify for certain benefits. In October of 1999, Claimant was promoted to banquet captain, with a salary of $4.40 per hour plus half of one percent of the total gratuity collected at banquets.

Shortly thereafter, Claimant's supervisors spoke to Claimant about the manner in which she supervised other banquet workers; specifically, the supervisors told Claimant she was not to allow other employees to take unauthorized breaks. Then, due to illness, Claimant was unable to work over the Thanksgiving weekend as scheduled. Claimant notified Employer, but she failed to follow Employer's policy requiring her to arrange for replacement workers.

On or about December 3, 1999, Employer informed Claimant that she was being demoted from banquet captain to banquet waitress. Claimant complained to her immediate supervisors that the demotion was unjustified. Claimant was scheduled to work the next day, but she called before going in and asked her supervisor if Employer had brought her rate of pay back up. Upon learning that her demotion remained in effect, Claimant voluntarily quit her employment.

The local job center denied Claimant benefits and Claimant appealed. At hearings before a referee, Claimant testified that she voluntarily quit her employment because she believed that her demotion was not justified. Claimant argued that Employer's progressive disciplinary policy, as reflected in a memo dated September 21, 1999, requires that a verbal warning be given following a first violation of Employer's rules. Claimant asserted that her supervisors had discussed her job performance with her, but had never warned her or otherwise indicated that her position was in jeopardy.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b), which provides that a claimant shall be ineligible for benefits for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

Employer's witnesses acknowledged that Claimant had not been warned in accordance with its disciplinary policy. However, they believed that the demotion was justified based upon Claimant's violation of Employer's policy and rules concerning the supervision of employees and the requirement to arrange for replacement workers.

The referee determined that the demotion was justified and upheld the denial of benefits under Section 402(b) of the Law. Claimant appealed to the Board, which resolved conflicting testimony in Employer's favor and adopted the referee's findings of fact. Relying on *Allegheny Valley School v. Unemployment Compensation Board of Review*, 548 Pa. 355, 697 A.2d 243 (1997), the Board affirmed the referee's decision.[2]

■ On appeal to this Court,[3] Claimant first argues that the Board erred in determining that her demotion was justified, because Employer failed to follow its disciplinary policy. Initially, we observe that this argument is relevant where a claimant has been discharged by the employer. In those circumstances, if the discharged employee is to be ineligible for unemployment compensation, the discharge must be in accordance with the employer's own rules. *PMA Reinsurance Corp. v. Unemployment Compensation Board of Review*, 126 Pa.Cmwlth. 94, 558 A.2d 623 (1989).

■ However, a different analysis is applied when unemployment results from a claimant's voluntary termination of her employment. *Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636 (Pa.Cmwlth.1998). In order to be entitled to benefits, a claimant who voluntarily terminates her employment bears the burden of establishing necessitous and compelling reasons for such action. *Livingston v. Unemployment Compensation Board of Review*, 702 A.2d 20 (Pa.Cmwlth.1997).

In *Allegheny Valley School*, the Supreme Court held that, where a claimant voluntarily quits following a demotion, the relevant inquiry is limited to determining whether the demotion was justified. The court reasoned that where the demotion was justified, a claimant does not have necessitous and compelling reasons to voluntarily terminate her employment, because the change in duties and/or remuneration was the result of the claimant's fault. *Id.*

In *Allegheny Valley School*, the court made clear that no other factor is appropriately considered:

> As previously recognized ... an employer can demote an employee for valid reasons. ... To require an examination of a factor other than the justification for the demotion would lead to employers never demoting employees because of fear of being subject to claims for benefits.

*Id.* at 366, 697 A.2d at 248 (citation omitted). Therefore, we reject Claimant's argument that the Board erred in failing to find that her demotion was unjustified based on Employer's failure to follow its disciplinary policy

■ Claimant also argues that the Board erred in failing to identify the specific findings made by the referee that support its determination that the demotion was justified. Claimant maintains

---

**2.** After Claimant appealed to the Board, it was discovered that one of the hearing tapes was blank. Accordingly, the Board remanded the matter for the taking of additional testimony and the transcript of the second hearing was submitted to the Board before it rendered its decision.

**3.** Our scope of review in an unemployment compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Peoples First National Bank v. Unemployment Compensation Board of Review*, 159 Pa. Cmwlth. 134, 632 A.2d 1014 (1993).

that this alleged error is significant, because the reasons provided by Employer at the remand hearing differed from the reasons given to Claimant and stated at the first hearing. Again, this argument would be relevant had Employer terminated Claimant's employment.[4] As previously stated, however, the statutory analysis applied where unemployment is due to a discharge is not relevant where a claimant's unemployment is due to her voluntarily terminating her employment. *Rapid Pallet.* Employer did offer different reasons for the demotion, but, since Claimant does not allege that any of the reasons provided would render her demotion unjustified, the Board did nor err by failing to more specifically identify the findings upon which it relied.

Accordingly, we affirm.

## ORDER

NOW, December 29, 2000, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

---

4. In order to deny benefits to a discharged employee, the employer's stated reasons for the discharge must be the actual cause of the claimant's unemployment. *Century Apartments, Inc. v. Unemployment Compensation Board of Review,* 30 Pa.Cmwlth. 485, 373 A.2d 1191 (1977). In addition, the alleged conduct cannot be temporally remote from the ultimate discharge or previously been condoned. *Panaro v. Unemployment Compensation Board of Review,* 51 Pa.Cmwlth. 19, 413 A.2d 772 (1980); *Lower Gwynedd Township v. Unemployment Compensation Board of Review,* 44 Pa.Cmwlth. 646, 404 A.2d 770 (1979).