# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bensalem Park Maintenance, LTD,    :
    :
              Petitioner    :
    :
          v.    :    No. 661 C.D. 2015
    :
Unemployment Compensation    :    Submitted: September 11, 2015
Board of Review,    :
    :
          Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: January 6, 2016**

Bensalem Park Maintenance, LTD (Employer) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board) finding Yarsiah A. Welwolie (Claimant) not ineligible for UC benefits pursuant to Section 402(e) of the UC Law (Law).[1] On appeal, Employer argues that the Board did not consider all the reasons it provided for terminating Claimant. Therefore, Employer

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) provides, in relevant part, that "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." Id.

contends, the Board's Decision is not supported by substantial evidence, and the Board capriciously disregarded evidence in concluding that Claimant's conduct did not constitute willful misconduct under Section 402(e). Because the Board erroneously concluded that the only reason given by Employer for Claimant's discharge was sleeping on the job and therefore, did not address all the reasons given by Employer for discharging Claimant, we vacate and remand.

Claimant was employed by Employer as an Environmental Services (EVS) employee since February 2010. After his termination on October 9, 2014, Claimant filed for UC benefits. In response, Employer submitted to the UC Service Center a packet of separation information. Therein, Employer stated on the "Employer Questionnaire" that Claimant was discharged for failing "to comply with a reasonable order," specifically that: (1) "the claimant was asked to go sweep and failed to do so. Instead the claimant was sleeping in the guest bathroom;" and (2) "[t]he claimant stated that he was having [] bathroom issues but never informed anyone." (Employer Questionnaire, R.R. at 48a-49a.) Employer also provided with its separation information a document entitled "Coaching Document," wherein Employer stated that Claimant violated Employer's code of conduct by purposefully failing to follow the rules or policies established for his assigned department and for sleeping on the job. (Coaching Document, R.R. at 56a.) The Coaching Document describes the incident that led to Claimant's termination as one involving Claimant's failure to answer his manager's calls and to complete his assigned duties. This portion of the Coaching Document further states that Claimant's manager found Claimant asleep inside a public restroom and that "EVS Team member[s] are not to use the public rest[] rooms." (Coaching Document,

2

R.R. at 56a.)  The Coaching Document describes the results of Claimant's failure to complete his given work duties without justifiable reasons as hampering Employer's "ability to keep those key areas clean and free of trash and debris." (Coaching Document, R.R. at 56a.)  In the "Action Plan" portion, the Coaching Document states that Claimant "did not follow the specific instructions given by his manager and along with sleeping on the job resulted in his termination." (Coaching Document, R.R. at 56a.)

The UC Service Center issued a Notice of Determination finding that "Claimant was discharged for sleeping on the job" and that there was insufficient information to determine whether Claimant had good cause for his actions. (Notice of Determination, R.R. at 2a.)  Thus, the UC Service Center determined that Claimant's conduct rose to the level of willful misconduct and found him ineligible for UC benefits under Section 402(e) of the Law.

Claimant appealed and a hearing was held before a UC Referee (Referee). Claimant appeared pro se and testified on his own behalf.  Employer presented the testimony of an EVS Manager (Manager), who was Claimant's direct supervisor. The separation information submitted to the UC Service Center by Employer was entered into the certified record without objection.  (Hr'g Tr. at 2, R.R. at 13a.)

Manager testified as follows.[2]  On the day in question, Employer was preparing for a visit from the board of directors, thus requiring "all hands [] on deck, everybody working overtime."  (Hr'g Tr. at 4, R.R. 15a.)  Claimant was

_____

[2] Manager's testimony may be found at pages 14a-23a of the reproduced record.

3

instructed to sweep outside and then proceed to his zone, both of which he failed to do. When Manager attempted to contact Claimant on the radio, he was unable to reach Claimant. After being unable to locate Claimant over the radio for nearly 40 minutes, Manager began looking for Claimant; Manager eventually found Claimant in the guest bathroom, from which Claimant emerged looking "very, very sleepy." (Hr'g Tr. at 9, R.R. 20a.) Manager explained that sleeping on the job and using the guest bathroom violates company policy. When asked by the Referee whether "Claimant was discharged for disappearing for over an hour, sleeping on the job, and . . . being in the public restroom[,]" Manager answered, "[y]es." (Hr'g Tr. at 12, R.R. 23a.)

Claimant testified that he was not sleeping on the job, but rather was in the guest bathroom because he was feeling ill.[3] Claimant further testified that he was aware of the policy prohibiting employees from using guest bathrooms but, because he was feeling ill, used the bathroom anyway. Claimant also testified that he did not inform Manager of his whereabouts because his radio was off. When asked whether, "on a day where the board of directors is there, . . . [Claimant thought] it might be important to check in with [his] boss when [he] was in the bathroom for over 40 minutes," Claimant answered, "[y]eah." (Hr'g Tr. at 15, R.R. 26a.)

Based on the parties' testimony, the Referee found that Claimant, without good cause, used a guest bathroom and was sleeping on the job in violation of Employer's policies. Therefore, the Referee determined that Claimant engaged in

---

[3] Claimant's testimony may be found at pages 24a-27a of the reproduced record.

4

willful misconduct, rendering him ineligible for benefits under Section 402(e) of the Law. Claimant appealed to the Board, which made the following findings of fact:

1. The claimant was last employed as an EVS by Bensalem Park Maintenance from February 2010 at a final rate of $10.65 per hour and his last day of work was October 9, 2014.

2. The employer has a policy that prohibits sleeping on the job, of which the claimant was aware.

3. On October 9, 2014, the claimant, who was not scheduled to work and was feeling ill, was required to report for work by the employer to help the employer clean for a visit from the board.

4. The claimant did not want to call out because he would receive two attendance points.

5. Because the claimant arrived a few minutes late, he was trying to quickly begin working at his station and did not check to see if his radio was on.

6. When the manager could not make contact with the claimant, he began to look for him.

7. The manager entered the restroom and noticed someone sitting down in the last stall.

8. After knocking on the stall door, the claimant opened the stall and told the manager he was not feeling well; the manager then left the restroom.

9. The manager entered the restroom a second time with his director and banged on the last stall door.

10. The claimant popped his head out of the stall.

11. The claimant was not sleeping.

5

12. On October 9, 2014, the claimant was terminated for sleeping on the job.

(Board Decision, Findings of Fact (FOF) ¶¶ 1-12.)

Based on the findings, the Board reversed the Referee's Decision, and found Claimant not ineligible for UC benefits under Section 402(e). Noting that Employer only testified that Claimant "looked very, very sleepy," and did not actually see him sleeping, the Board resolved the conflict in testimony in favor of Claimant. (Board Decision at 2.) The Board determined that "[C]laimant credibly testified that he was not sleeping, but had a stomach sickness and was relieving himself and explained the situation to the manager the first time the manager entered the bathroom." (Board Decision at 2.) Because "sleeping on the job [was] the only reason for the claimant's discharge as stated on the employer questionnaire," the Board determined that Employer did not sustain its burden of establishing that Claimant was discharged for willful misconduct. (Board Decision at 2.) Employer now petitions this Court for review of the Board's Order.[4]

On appeal, Employer argues the Board erred in determining Claimant was not ineligible for benefits under Section 402(e) because it failed to consider the

---

[4] Our scope of "review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated." Johns v. Unemployment Compensation Board of Review, 87 A.3d 1006, 1009 n.2. (Pa. Cmwlth.), petition for allowance of appeal denied, 97 A.3d 746 (Pa. 2014). In UC cases, the Board is the ultimate fact finder and, if supported by substantial evidence, its findings are conclusive on appeal. Middletown Township v. Unemployment Compensation Board of Review, 40 A.3d 217, 223 (Pa. Cmwlth. 2012). "Substantial evidence is such relevant evidence which a reasonable mind might accept as adequate to support a conclusion." American General Life and Accident Insurance Company v. Unemployment Compensation Board of Review, 648 A.2d 1245, 1248 (Pa. Cmwlth. 1994).

other reasons for Claimant's termination. Employer maintains that sleeping on the job was not the sole act of willful misconduct that caused Claimant's termination. Rather, Employer argues, Claimant's use of the guest bathroom, an hour-long absence from his work station, and failure to respond to a supervisor's radio calls were also violations of Employer's policy, thereby constituting willful misconduct. Employer points to our previous decision, holding that "a claimant who has been discharged for multiple reasons is disqualified from receiving benefits even if only one of those reasons amounts to willful misconduct." Glenn v. Unemployment Compensation Board of Review, 928 A.2d 1169, 1172 (Pa. Cmwlth. 2007). Employer contends that the Board's findings are not supported by substantial evidence, and that the Board's failure to address or comment on Claimant's other willful misconduct constitutes capricious disregard of evidence.[5] Therefore, Employer concludes, the Board's Order should be reversed.

"Whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." Brown v. Unemployment Compensation Board of Review, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). This Court has defined willful misconduct as:

---

[5] Although this Court will not interfere with the Board's fact finding function, "review for capricious disregard of competent evidence is an 'appropriate component of appellate consideration in every case in which such question is properly before the court.'" Wise v. Unemployment Compensation Board of Review, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015) (quoting Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe), 812 A.2d 478, 487 (Pa. 2002)). "A capricious disregard of evidence occurs where the fact finder willfully and deliberately disregards competent and relevant evidence that one of ordinary intelligence could not possibly have avoided in reaching a result." Id. "Disturbing an agency's adjudication for a capricious disregard of evidence is appropriate only where the fact[]finder has refused to resolve conflicts in the evidence, has not made essential credibility determinations or has completely ignored overwhelming evidence without comment." Id. at 1263.

7

> (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; and (4) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

Altemus v. Unemployment Compensation Board of Review, 681 A.2d 866, 869 (Pa. Cmwlth. 1996). "The employer has the burden of proving that it discharged an employee for willful misconduct." Adams v. Unemployment Compensation Board of Review, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012). "In order to deny benefits to a discharged employee, the employer's stated reasons for the discharge must be the actual cause of the claimant's unemployment." Charles v. Unemployment Compensation Board of Review, 764 A.2d 708, 711 n.4 (Pa. Cmwlth. 2000).

Our review of the certified record leads us to conclude that the Board erroneously determined that the only reason given by Employer for Claimant's termination from employment was sleeping on the job. The Board stated that the only reason provided on the "Employer Questionnaire" for discharging Claimant was that he was sleeping on the job; however, the questionnaire also states that "the claimant was asked to go sweep and failed to do so," that he "fail[ed] to comply with a reasonable order," and that "[t]he claimant stated that he was having bathroom issues but never informed anyone." (Employer Questionnaire, R.R. at 48a, 50a.) In addition, Employer also provided to the UC Service Center the Coaching Document detailing the incident that led to Claimant's termination and the reasons why Claimant was discharged. (Coaching Document, R.R. at 56a.)

8

This Coaching Document states that Claimant violated Employer's code of conduct by purposefully failing to follow the rules or policies established for his assigned department and for sleeping on the job. (Coaching Document, R.R. at 56a.) The Coaching Document further provides that Claimant was terminated for not following Manager's specific instructions and for sleeping on the job. (Coaching Document, R.R. at 56a.) This, coupled with the Manager's testimony that "Claimant was discharged for disappearing for over an hour, sleeping on the job, and . . . being in the public restroom[,]" (Hr'g Tr. at 12, R.R. at 23a), is evidence that Claimant was terminated for failing to follow Employer's instructions, rules, policies, *and* for sleeping on the job. Because the Board erroneously concluded that the only reason given by Employer for Claimant's discharge was sleeping on the job, the Board did not make any findings of fact addressing the additional reasons given by Employer.

Accordingly, the Board's Order is vacated and this matter is remanded for the Board's consideration of all the reasons set forth in the record for Claimant's discharge from employment and to make findings of fact and conclusions of law on whether these reasons that resulted in Claimant's discharge constituted willful misconduct and, if so, whether Claimant had good cause for his actions.

_____
**RENÉE COHN JUBELIRER, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bensalem Park Maintenance, LTD,    :
                                         :
                Petitioner    :
                                         :
             v.                 :    No. 661 C.D. 2015
                                         :
Unemployment Compensation    :
Board of Review,                    :
                                         :
             Respondent   :

## O R D E R

NOW, January 6, 2016, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is **VACATED** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER, Judge**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bensalem Park Maintenance, LTD,          :
                                         : No. 661 C.D. 2015
                    Petitioner           : Submitted: September 11, 2015
                                         :
            v.                           :
                                         :
Unemployment Compensation                :
Board of Review,                         :
                                         :
                    Respondent           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE FRIEDMAN                          FILED:  January 6, 2016


        I respectfully dissent.  Because the Board did consider whether Claimant's actions in failing to respond to his supervisor's radio calls, being absent from his work station, and using the bathroom constituted disqualifying willful misconduct, and concluded that such actions did not, I would affirm the Board's decision.

        As to Claimant's failure to respond to his supervisor's radio calls, the Board specifically found that because he was a few minutes late for work, Claimant quickly started to clean his station and did not check to see if his radio was on. (Findings of Fact, No. 5.)  As to Claimant's absence from his work station and use of a guest bathroom without first notifying his manager, the Board stated that

"[C]laimant credibly testified that he . . . had a stomach sickness and was relieving himself and explained the situation to the manager the first time the manager entered the bathroom." (Bd.'s Decision, 3/30/15, at 2.)

Because the Board addressed all of the reasons for Claimant's separation from employment, and substantial evidence supports the Board's determination that Claimant did not engage in disqualifying willful misconduct, I would affirm the Board's decision.

_____
ROCHELLE S. FRIEDMAN, Senior Judge